# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELMER LEE JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00288-ACL |
| | ) | |
| ASHLEY MACK, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Elmer Lee Jefferson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee and will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Additionally, for the reasons discussed below, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant who has brought this civil action pursuant to Title II of the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act (RA), and Title XVI of the Social Security Act (SSA). (Docket No. 1 at 3). He also alleges that his Fourteenth Amendment rights were violated. He has named Ashley Mack, a Social Security Administration

Employee, and Carolyn W. Colvin, Acting Commissioner of Social Security, as defendants. (Docket No. 2). He states that this is a personal injury claim that has arisen because defendants acted so carelessly that he must be compensated for his emotional injury. (Docket No. 1 at 5).

Plaintiff states that this present action is related to *Jefferson v. Colvin*, No. 1:15-cv-97-CAS (E.D. Mo.), a Social Security benefits claim that closed in 2016. That case involved the determination by an administrative law judge (ALJ) that plaintiff had received overpayments of supplemental security income (SSI) payments. Specifically, the ALJ determined that plaintiff had been overpaid SSI benefit payments in the amount of $2,055.17 while incarcerated in 2009. Plaintiff, however, disputed that amount and the Court determined that the correct amount of the overpayment was $674. The matter was remanded to the ALJ to "develop the record fully and fairly" with regards to plaintiff's challenge to the calculation of his SSI benefits.

On November 9, 2018, plaintiff states that he received a letter from Ashley Mack, an employee with the SSA. The letter concerned potential SSI overpayments that plaintiff may have received from August 1, 2016 to the present. Plaintiff states this "oversteps the ALJ and the United States District Court Judge, and [the] U.S. Magistrate Judge in this case." He further asserts that he does not possess the information that Mack requested and that when he went to report to the SSA, he was not allowed inside the building. However, plaintiff insists that he called the SSA and reported any unemployment income he may have received.

In a supplemental filing, plaintiff states that on December 14, 2018, defendant Mack "used an illegal proceeding to obtain information from the plaintiff denying the equal protection of the laws." (Docket No. 7 at 1). He claims that Mack ordered him to come to the SSA office in order to investigate his eligibility to receive benefits. When he arrived at the office, though, he was advised by an unnamed individual or individuals that he was not allowed to be at the office

in person. This was the result of plaintiff allegedly threatening an employee two years earlier. (Docket No. 7 at 2).

Subsequently, plaintiff spoke to Mack on the phone, and they discussed plaintiff's receipt of unemployment benefits and how that could affect his SSI eligibility. Plaintiff states that he "questioned…Mack about being banned from the entrance" of the SSA office. He asserts that Mack could not tell him the name of the employee that he had threatened, which he alleges is a violation of his right to face his accuser. Plaintiff also told Mack that he did not know how to obtain the unemployment records she needed, but was told that she had those records.

In a further supplemental filing to his complaint, plaintiff alleges that defendant Mack wrongfully used her office to deprive him of his Fourteenth Amendment rights. (Docket No. 9 at 2). He further accuses her of negligence in "proceeding in contempt of court." (Docket No. 9 at 1).

Plaintiff claims that Mack's action in sending him the letter regarding potential overpayments constitutes negligent infliction of emotional distress. (Docket No. 1 at 5). He states that "under federal law, any person who wrongfully uses his office to deprive another of his civil rights will be liable" for damages. (Docket No. 1 at 6). To that end, he is seeking $75,000 in compensation.

## Discussion

The basis of plaintiff's claim is that defendant Mack is liable to him for negligent infliction of emotional distress in directing him to answer for potential SSI overpayments. He asserts that this claim arises under Title II of the ADA, § 504 of the RA, and Title XVI of the SSA, as well as the Fourteenth Amendment. For the reasons discussed below, this action must be dismissed.

First, plaintiff has not stated a claim under Title II of the ADA. "Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *United States v. Georgia*, 546 U.S. 151, 153 (2006). The term "public entity" is defined as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). A "qualified individual with a disability" is:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2).

Here, plaintiff has not alleged any facts to demonstrate that he is a qualified person with a disability, other than that he receives SSI. Furthermore, he has not claimed any discrimination, much less discrimination by a public entity. Indeed, the focus of his claim is on the actions of an individual, Ashley Mack, who he claims negligently inflicted emotional distress upon him by telling him that he might have been overpaid his SSI benefits. Read broadly, plaintiff's complaint and the accompanying supplements could be read as stating that he was wrongfully denied access to the SSA office. However, he does not claim he was denied access on the basis of a disability, but rather on the fact that he had allegedly threatened an employee there. As such, he has not stated a claim under Title II of the ADA.

Similarly, plaintiff has not stated a claim under the RA. Congress enacted the RA as a comprehensive federal program, similar to the ADA, meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any

5

program or activity that receives federal funding. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013). The RA provides, in relevant part, "that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006).

To establish a prima facie case under the RA, a plaintiff is required to show three things: (1) that he or she is a qualified individual with a disability; (2) that he or she was denied the benefits of a program or activity of a public entity that receives federal funds; and (3) that he or she was discriminated against based on his or her disability. *Estate of Barnwell by and through Barnwell v. Watson*, 880 F.3d 998, 1004 (8th Cir. 2018). "A qualified individual with a disability is broadly defined as any person who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998).

As with the ADA, plaintiff has not alleged facts sufficient to demonstrate that he is a qualified individual with a disability. The closest he comes to suggesting a disability is his assertion that he receives SSI. Yet he does not claim that he has been denied any benefits or discriminated on account of this disability, but rather that he felt threatened when told that he may have been overpaid in the amount of benefits he was entitled to receive. Even if he had properly alleged a disability and a denial of benefits, he has not provided any facts to establish discrimination on the basis of his disability. Therefore, plaintiff has not stated a claim under the RA.

Next, plaintiff fails to state any claim arising under the SSA. The purpose of Title XVI of the SSA is to provide supplemental income to those "individuals who have attained age 65 or are blind or disabled." 42 U.S.C. § 1381. Plaintiff's complaint, however, does not allege that any of the provisions of the SSA have been violated or misapplied to him. Rather, he claims that a tort has been committed against him, to wit: that defendant Mack negligently inflicted emotional distress upon him when she contacted him regarding possible overpayments. Aside from the conclusory statement that Mack acted negligently, plaintiff does not provide any indication that she acted wrongly in investigating him. Indeed, the facts provided by plaintiff do not implicate the SSA in any way. Thus, he has not stated a claim under the SSA.

Finally, plaintiff has stated that his Fourteenth Amendment rights were violated. He claims that he was denied equal protection of the law when he was directed to come to the SSA office in order for defendant Mack to investigate potential overpayments. He further asserts that his due process rights were violated when he was not allowed in the building, because he has not been allowed to "face" the person who accused him of threatening behavior.

Plaintiff has not stated an equal protection claim because he has not provided any facts showing that he was treated differently from similarly situated people. *See Klinger Dep't of Corrs.*, 31 F.3d 727, 731 (8th Cir. 1994) (stating that Equal Protection Clause "requires the government to treat similarly situated people alike"). He has not established a procedural due process claim, because he has not identified a protected liberty interest, much less that such an interest was deprived without sufficient process. *See Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005) (explaining that to "establish a procedural due process violation, a plaintiff need not only show a protected interest, but must also show that he…was deprived of that interest without sufficient process"). He has also failed to state a substantive due process claim, because he has

not alleged government action that is "sufficiently outrageous or truly irrational." *See Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001) (explaining that to state a substantive due process claim, the plaintiff "must allege that a government action was sufficiently outrageous or truly irrational…something more than arbitrary, capricious, or in violation of state law"). Therefore, plaintiff has not stated a claim under the Fourteenth Amendment.

In his complaint, plaintiff alleges that "under federal law, any person who wrongfully uses his office to deprive another of his civil rights will be liable" for damages. As discussed above, plaintiff has not established a claim under the ADA, the RA, the SSA, or the Fourteenth Amendment. That is, he has not presented any factual allegations to show that defendants violated any federal law. Instead, plaintiff relies on conclusory accusations that defendants acted in such a "careless" manner that they must compensate him. "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Thus, plaintiff's complaint must be dismissed for failure to state a claim.

Plaintiff has also filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this action is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's action is **DISMISSED** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of April, 2019

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE